IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD DINTELMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-CV-855-SMY-DGW |
| | ) |
| VILLAGE OF FREEBURG, ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ronald Dintelmann filed suit against his former employer, the Village of Freeburg, Illinois (the "Village"), under the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Civil Rights Act, 42 U.S.C. § 1983, and the Illinois Human Rights Act, 775 Ill.Comp.Stat.Ann. 5/1-101 *et seq.* (Doc. 2). The Village moved for summary judgment (Doc. 16). Plaintiff filed a timely response (Doc. 21). For the foregoing reasons, the motion is **GRANTED in part** and **DENIED in part**.

## FACTUAL BACKGROUND

Plaintiff worked for the Village as the Public Works Director for seventeen years, from 1996 until May 2013 (Doc. 2). In May 2010, Plaintiff underwent surgery and radiation treatment for a brain tumor (*Id.*). He returned to work part-time in October 2010, and returned to work on a full-time basis in January 2011 (*Id.*). In July 2011, Plaintiff suffered radiation necrosis which affected his ability to walk (*Id.*). Following medical treatment, he returned to work in February 2012. On May 6, 2013, during an Executive Session, Mayor Seth Speiser and the Village Board voted not to reappoint Plaintiff to his position (Doc. 2). Plaintiff alleges that Mayor Speiser did

not believe Plaintiff could "get around" (*Id*.). Following the Executive Session, the Village Board voted not to renew Plaintiff's employment and, instead, appointed Plaintiff's subordinate, John Tolan, as Public Works Director (*see* Docs. 2 and 16-2). Section 31.003 of the Freeburg Village Code, states in relevant part:

> **APPOINTMEN**T: At the first meeting of May in each year, or as soon thereafter as possible, there shall be appointed by the Mayor, with the advice and consent of the Village Board, all appointive Village Officers who shall hold their several offices for the term of one year and until their successors are appointed and qualified. (Doc. 16-1).

Plaintiff asserts that he was an otherwise qualified individual with a disability who was discriminated against by the Village because of his disability (*Id.*).

## ANALYSIS

Summary judgment is proper only if the moving party can demonstrate there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); s*ee also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.* 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160 (1970); *see also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A party is entitled to a judgment as a matter of law where the nonmovant "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. As the Seventh Circuit has stated, summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its

version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

As to Count III of Plaintiff's Complaint, the Village asserts that Plaintiff does not have an actionable Fourteenth Amendment due process claim under 42 U.S.C. § 1983. Specifically, because Plaintiff cannot establish that his employment was anything other than "at-will," he lacked a property interest or legitimate expectation of continued employment as Public Works Director. In his response, Plaintiff concedes that § 1983 is an inappropriate means to assert the claims of discrimination advanced in the Complaint. Accordingly, Count III of Plaintiff's Complaint will be **DISMISSED with prejudice**.

Next, as to Counts I, II, and IV of the Complaint, the Village argues that because Plaintiff was an appointed village officer, he was not a "qualified employee" and, therefore, cannot bring suit under the Rehabilitation Act, ADA, or Illinois Human Rights Act. The Village further asserts that Plaintiff's term of office ended under the Freeburg Village Code on May 6, 2013.

42 U.S.C. § 2000e(f) defines the term "employee" for purposes of the Rehabilitation Act and the ADA as follows:

> **(f)** The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. With respect to employment in a foreign country, such term includes an individual who is a citizen of the United States.

42 U.S.C. § 2000e(f).

Title VII excludes from its coverage four types of persons: (1) elected officials; (2) the personal staff of an elected official; (3) appointees on the policymaking level; and (4) 'an immediate advisor with respect to the exercise of the constitutional or legal powers of the office." *Opp v. Office of the State's Attorney of Cook Cnty.,* 630 F.3d 616, 619 (7th Cir.2010). The Village claims that Plaintiff, as Public Works Director, was exempt because he "was a person chosen by the Mayor of the Village to be on the Mayor's personal staff, or an appointee on the policy making level or immediate advisor with respect to the exercise of constitutional or legal powers of the Mayor" (Doc. 17, p. 5). Additionally, the Village asserts that, as Public Works Director, Plaintiff "was a member of the immediate personal staff of the Mayor of the Village…or a principal administrative officer of the Village (Doc. 17, p. 6) and therefore, is not a "qualified employee" under the ADA, Rehabilitation Act, or Illinois Human Rights Act.

The statutory language of Title VII does not define "personal staff." *Leving v. City of Chicago*, 1988 WL 20046, at *2 (N.D. Ill. Mar. 1, 1988). While several circuits have addressed the meaning of the term, the Seventh Circuit has yet to do so. *Id.* The Fifth Circuit considered the meaning of "personal staff" in *Teneyuca v. Bexar County,* 767 F.2d 148 (5th Cir.1985) and identified six factors to be considered when determining whether a plaintiff falls within the "personal staff" exception of Title VII, including:

> Whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Id.* at 151.

The determination as to whether a public employee is exempt from the definition of "employees" under 42 U.S.C. § 2000e(f) because he serves as either a personal staff member or close advisor to an elected official is "a highly factual inquiry based upon the facts and circumstances of the employment relationship between the complaining individual and the elected official." *See Owens v. Rush,* 654 F.2d 1370, 1375 (10th Cir. 1981). As a result, this highly factual inquiry does not lend itself well to disposition by summary judgment. *Teneyuca*, 767 F.2d at 152.

Likewise, the exemption for policymaking advisors is narrowly construed. An individual is a policymaking appointee if "the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Opp v. Office of State's Attorney of Cook Cnty.,* 630 F.3d 616, 619 (7th Cir.2010). When making such a determination, courts look to the powers inherent in the office rather than to the actual functions performed by the current office holder. *Tomczak v. City of Chi.,* 765 F.2d 633, 640 (7th Cir.1985). "[D]etermining the powers inherent in a given office may be done without the aid of a finder of fact 'when the duties and responsibilities of a particular position are clearly defined by law and regulations.'" *Opp,* 630 F.3d at 621 (quoting *Pleva v. Norquist,* 195 F.3d 905, 912 (7th Cir.1999)).

Here, the parties dispute whether Plaintiff was an exempt employee. The Village asserts that Plaintiff was a personal staff member and advisor to the Mayor or was a policymaking appointee. Plaintiff counters that he was not personally accountable to the Mayor, but rather the Village Administrator, who is not an elected official (Doc. 21-1). Plaintiff further asserts that he did not represent the Mayor in the eyes of the public, the Mayor exercised virtually no control

over his position, and that he never had a close personal or professional relationship with any of the previous mayors of the Village (*Id.*).

The starting point for the determination as to whether a position is exempt as a matter of law is the official job description, if one exists. *Garrison v. Calumet City, Illinois*, 450 F. Supp. 2d 869, 874 (N.D. Ill. 2006). Here, the Village has not supplied the Court with an official job description for Plaintiff. Further, the Village has not provided a statutory definition of the powers of the Public Works Director, the chain of command, or any meaningful information about the position that would enable the Court to determine whether the position is exempt. As a result, Plaintiff argues that there are substantial and material factual issues remaining regarding Plaintiff's employment status. The Court agrees and finds that summary judgment is unwarranted.

Accordingly, Defendant Village of Freeburg, Illinois's Motion for Summary Judgment is **GRANTED** as to Count III of Plaintiff's Complaint and **DENIED** as to Counts I, II, and IV of Plaintiff's Complaint.

**IT IS SO ORDERED.**

**DATED:  September 3, 2015**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**